**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000326
31-AUG-2011
08:31 AM**

NO. CAAP-11-0000326

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

REYNOLD MASATOMI HIRAZUMI,
Plaintiff/Counterclaim-Defendant/Appellee,
v.
NARICISO H. YU,
Defendant/Counterclaim-Plaintiff/Appellant
and
DOE DEFENDANTS 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-2272)

ORDER DISMISSING APPEAL
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of the record, it appears that we lack jurisdiction over this appeal that Defendant/Counterclaim-Plaintiff/Appellant Narcisco H. Yu, Jr. (Appellant), has asserted from the following two orders that the Honorable Patrick W. Border entered: (1) the March 31, 2011 order granting

Plaintiff/Counterclaim-Defendant/Appellee Reynold Masatomi Hirazumi's motion for summary judgment ("the March 31, 2011 summary judgment order") and (2) the March 31, 2011 order granting Plaintiff/Counterclaim Defendant Reynold Masatomi Hirazumi's motion to dismiss Appellant's counterclaim ("the March 31, 2011 dismissal order"). The circuit court has not yet entered a separate judgment that resolves all claims against all parties in this case pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The supreme court has promulgated HRCP Rule 58, which specifically requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58 (emphasis added). Based on this requirement under HRCP Rule 58, the supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 119, 869 P.2d at 1338. The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added). For example, the supreme court has explained that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set

forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphases added).

Neither the March 31, 2011 summary judgment order nor the March 31, 2011 dismissal order is a judgment; instead, each is an interlocutory order. On May 27, 2011, the record on appeal for Appeal No. CAAP-11-0000326 was filed, at which time the record on appeal did not contain a separate judgment that resolves all claims in this case. Absent a separate, appealable judgment, Appellant's appeal is premature and we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that Appeal No. CAAP-11-0000326 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, August 31, 2011.

Chief Judge

Associate Judge

Associate Judge

-3-